IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     :

   v.                        :  Civil Action No. DKC 96-0980

DOMINICK LAROSA, et al.      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion to reopen case and renew judgment lien filed by Plaintiff United States ("Plaintiff" or "Government"), (ECF No. 49). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to reopen and renew judgment will be granted.

**I. Background**

On November 7, 1997, a judgment was entered in favor of Plaintiff and against Defendant Dominick LaRosa and Defendant Catherine LaRosa ("Defendants") for $1,520,885.58 plus statutorily accrued interest since April 11, 1994. An abstract of judgment was filed with the Clerk of the Circuit Court for Montgomery County on January 9, 1998. The judgment remains unsatisfied. (ECF No. 49-1).

On August 4, 2017, Plaintiff moved to renew the judgment lien. (ECF No. 49). Defendants responded and opposed the

motion. (ECF No. 55). Plaintiff replied, and Defendants responded to the reply. (ECF Nos. 56, 57).

**II. Motion to Renew Judgment Lien**

Plaintiff brings this motion under 28 U.S.C. § 3201(c). (ECF No. 49). Pursuant to 28 U.S.C. § 3201(a), the judgment in this case, when appropriately filed, "create[d] a lien on all real property of" Defendants. The lien is effective for 20 years and can be renewed for "one additional period of 20 years" if the "the notice of renewal is filed before the expiration of the 20-year period" and "the court approves the renewal of such lien[.]" 28 U.S.C. § 3201(c)(2), § 3201(c)(2)(A), § 3201(c)(2)(B).

Defendants do not dispute that the judgment has not been satisfied and that the United States properly filed for renewal, but assert that the court should refuse to approve the renewal of the lien because renewal "would be completely inequitable." (ECF No. 55-1, at 4). Defendants argue that the doctrine of laches bars the government from receiving a renewed judgment lien. (*Id.* at 3). For the reasons to be discussed, Defendants' arguments will be rejected and the renewal will be approved.

The Federal Debt Collection Procedure is codified in 28 U.S.C. § 3001, et seq. and provides the exclusive civil procedures for the United States to recover on a debt. Section 3201 provides that a judgment creates a lien on all real

property of a judgment debtor when a certified copy of the abstract of the judgment is filed in the same manner in which a notice of tax lien would be filed. Tax liens are filed in one office within the county as designated by State law. 26 U.S.C. § 6323(f). Maryland law designates the clerk of the circuit court of the county in which the real property is situated as the proper place to file notices of federal liens. Md.Code Ann., Real Property § 3-401.

Although the statute provides that court approval is a necessary prerequisite to the renewal of a lien, no conditions to the renewal appear in the law and the parties do not cite to any particular requirements. Even in other situations, such as actions in state court, the defenses that may be interposed in a revival proceeding are severely limited. Only defenses that challenge the viability of the judgment itself, such as it is void or was paid or otherwise discharged, may be raised. 46 Am.Jur. 2d Judgments § 394 (2017). In this federal proceeding, which is even more circumscribed, the complaints raised by the LaRosas are unavailing. Their lament that a proposed settlement offer many years ago went unanswered says nothing about the validity of the judgment, or whether it has been satisfied or discharged.

Even were equitable considerations such as laches pertinent, the argument would fail. To establish a laches

defense, a defendant must prove a "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. U.S.*, 365 U.S. 265, 282 (1961). Contrary to Defendants' assertion, Plaintiff did not sleep on its rights. Even while the appeal was pending, the government undertook discovery to ascertain the location of available assets. Shortly after entry of the judgment, Plaintiff filed an abstract of judgment in the appropriate government office to impose a lien on Defendants' real property. Defendants do not assert that Plaintiff could have forced a sale or used another mechanism to recover more quickly. Thus, although the judgment has gone unsatisfied, Plaintiff diligently pursued its rights and laches does not apply.

Moreover, for the purposes of laches, prejudice "is demonstrated by a disadvantage on the part of the defendant in asserting or establishing a claimed right or some other harm caused by detrimental reliance on the plaintiff's conduct." *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990). Here, Defendants do not assert any detrimental reliance. Defendants also cannot demonstrate a disadvantage in claiming or establishing their rights because they already had an opportunity fully to litigate their rights. The only evidence relevant to the motion to renew the judgment lien is in the

county and court records.  Thus, Defendants have not shown prejudice.

Despite Defendant Dominick LaRosa's diminished condition and Defendant Catherine LaRosa's lesser role in the underlying tax controversy, Plaintiff has fully complied with applicable law, and the request to approve renewal of the judgment lien will be granted.

### III. Conclusion

For the foregoing reasons, the motion to renew the judgment lien filed by Plaintiff United States will be granted.  A separate order will follow.

                                            /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge